IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER H. HOLLOWAY,<br><br>  Plaintiff,<br><br>vs.<br><br>METRO BUS, DON BACON, RUSSELL MANN, and MIKE FOHEY,<br><br>  Defendants. | 8:20CV426<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his pro se Complaint (Filing 1) on October 15, 2020, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff's Complaint is incomprehensible. Plaintiff indicates by a checkmark on the court's standardized "Complaint for a Civil Case" that jurisdiction is based on diversity of citizenship, but also claims a federal question is presented based on:

> Crossing State lines with Evidence of a Black Government Worker. Who is forbidden to work with white Government Employee's. They would receive a pay cut to be in the same paperwork. Why is it in a Prejudice system.

(Filing 1 at 3 (unedited).) Plaintiff alleges the amount in controversy is "Police Officer Pension/Back Salary of 1984 to present." (Filing 1 at 4.) He claims the amount in controversy exceeds $75,000 because:

> Use of the same Record for Decades, to not claim the Identity of Walter H. Holloway or to have him locked up with people he put in jail. As well the Use of Fedex UPS Delivery of Claim Covid-19, Corona Virus

of transporting Evidence to its proper place in the Investigation. Back Pay of Iowa and Nebraska 45,360 per year.

(Filing 1 at 4 (unedited).) The "Statement of Claim" and "Relief" sections of the Complaint read:

1. Ignored by 6 felonies, that were as a Judge his Journal copyright codes
2. Don Bacon can not send a Judge Political Mail to interfer with rights as a Judge. Once a Judge alway's a Judge.
3. All of this is over them Russell Mann - Don Bacon turning in paperwork.

Basic-Desertion on Duty. Did time of own paperwork with Bonds Made to Be Insane, Use of Benson Police Force of ½ Male ½ Female Officers. Basic Meat in a Bag of Female with Gentalia of a man and a Man with inside birth canal. Forbidden Sex. Mind Control.

(Filing 1 at 4 (unedited).)

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court cannot identify any federal statutory or constitutional provision that would give rise to plausible claim for relief against any named defendant or provide subject matter jurisdiction under 28 U.S.C. § 1331. Nor can the court identify any state statutory or constitutional provision, or any common law theory of recovery, that would give rise to a plausible claim for relief. Plaintiff's reliance on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 is also lacking in factual support; all parties are alleged to be Nebraska residents, and there are no facts showing they are citizens of different states.

The court has determined this action should dismissed on initial review because Plaintiff's allegations are completely unintelligible and without a factual or legal basis.[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v.*

---

[1] The court notes that other recent actions filed by Plaintiff have been dismissed as frivolous. *See Walter H. Holloway v. DMV Dep't of Motor Vehicles*, No. 8:19CV326, 2019 WL 3554816 (D. Neb. Aug. 5, 2019); *Walter H. Holloway v. False Address to Avoid Relief of Court*, Case No. 8:19CV127 (D.Neb. Apr. 19, 2019); *Walter H. Holloway v. Omaha Public Power District, et al.*, Case No. 8:18CV208, 2018 WL 2320644 (D. Neb. May 22, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV135 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1806 (8th Cir. Aug. 13, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV108 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1857 (8th Cir. Aug. 13, 2018); *see also Holloway v. Firefighter for Station #33, et al.*, Case No. 8:19CV378 (D.Neb. Oct. 22, 2019) (dismissal for lack of subject matter jurisdiction); *Walter H. Holloway v. MUUD, et al.*, Case No. 8:18CV560 (D.Neb. Jan. 7, 2019) (dismissal for failure to prosecute and to comply with court orders); *Walter H. Holloway v. Omaha Work Staffing, et al.*, Case No. 8:18CV497, 2019 WL 77431 (D. Neb. Jan. 2, 2019) (dismissal for failure to state a claim).

*Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend his Complaint because any such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"). However, the dismissal will be without prejudice because the court does not appear to have subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint (Filing 1) is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 20th day of October, 2020.

> BY THE COURT:
>
> *Richard G. Kopf*
> Richard G. Kopf
> Senior United States District Judge